# United States Bankruptcy Court
## for the Southern District of Iowa

| | |
|---|---|
| In re:<br><br>Vernon Paul Varner and Lynda K. Topp Varner | Case No. 09-03857-lmj7<br><br>Chapter 7 |
| Vernon Paul Varner and Lynda K. Topp Varner,<br><br>         Plaintiffs,<br><br>  v.<br><br>United States of America,<br><br>         Defendant. | Adv. Proc. No. 09-30121-lmj |

### Answer

The United States of America answers the allegations in the Complaint as follows:

| Complaint ¶ | Response |
|---|---|
| 1-3 | The United States admits the allegations in these paragraphs. |
| 4 | The United States denies the allegations in paragraph 4, but it admits that the Debtors Schedule E lists the Internal Revenue Service as a creditor for claims described thereon as (a) "Trust Fund portion of 941 tax 1998 through 2006" in the amount of $108,065.40 and (b) "Federal Income Tax" for years 1998 through 2001 in the amount of $319,150.63. |

4895432.1

| Complaint ¶ | Response |
|---|---|
| 5 | The United States denies the allegations in paragraph 5, but admits that the Debtors filed Forms 1040 for the years 1998 through 2001. |
| 6 | The United States denies the allegations in paragraph 6, but admits that the Debtors have not paid the entire amount of taxes, penalties, and interest that they owe. The allegation is vague in its reference to "said claims," and the United States currently lacks sufficient information as to the exact dollar amount of the Debtors' total liability. |
| 7 | The United States denies the allegations in paragraph 7, but it admits that the United States claims for taxes measured on the Debtors' income for years 1998, 1999, 2000, and 2001 (including penalties and interest on such claims, the "Income Tax Claims") are claims for a tax measured on income for which a return was due more than three years before the Debtors' filed their chapter 7 petition and that the Income Tax Claims were assessed more than two years before the Debtors filed their chapter 7 petition. |
| 8 | The United States lacks sufficient information to admit or deny the allegations in paragraph 8, but it admits that the Debtors filed Forms 1040 for the years 1998 through 2001. |
| 9 | The United States lacks sufficient information to admit or deny the allegations in paragraph 9. |

4895432.1

**Affirmative Defense**

The United States asserts that even if the income tax claim liabilities are subject to discharge, the IRS has properly filed a pre-petition Notice of Federal Tax Lien in connection with those liabilities, which continues in effect and attaches to all existing property and rights to property, including exempt property, belonging to Vernon Varner, both on and before the filing of the bankruptcy petition. 11 U.S.C. § 522(c)(2)(B); 26 U.S.C. § 6322.

WHEREFORE, the United States requests a determination that the income tax liabilities are not subject to discharge and such other and further relief as the Court deems just and proper.

Dated: November 24, 2009

/s/ Curtis J. Weidler
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 307-1436
Fax: (202) 514-6770
Email: curtis.j.weidler@usdoj.gov
Member of New York bar

**Certificate of Service**

I hereby certify that on November 24, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following: Jerrold Wanek, plaintiffs' counsel.

/s/Curtis J.Weidler
Trial Attorney, Tax Division

4895432.1