IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In the Matter of: ) | Case No. 09-03857-LMJ7 |
| ) | |
| Vernon Paul Varner and Lynda K. Topp Varner, ) ) ) | |
| ) | |
| Debtors. ) | |
| ) | |
| Vernon Paul Varner and Lynda K. Topp Varner, ) ) ) | Adversary No. 09-30121-LMJ |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| United States of America (IRS), ) | |
| ) | |
| Defendants. ) | |

## MOTION TO QUASH SUBPOENA
## PURSUANT TO F.R.C.P. 45(c)(3)

COMES NOW, Mary J. Noel, by and through her attorneys Meardon Sueppel & Downer P.L.C., and for her Motion to Quash Subpoena, states:

1. The subpoena at issue was apparently mailed to Mary J. Noel by U.S.P.S. Priority Mail on July 1, 2011. The subpoena is attached hereto as Exhibit A.

2. The subpoena commands the production of certain documents. The description of the documents is hand written and is virtually impossible to decipher.

3. The subpoena appears to request documents pertaining to the employment of Mary J. Noel by Debtor Vernon P. Varner, which employment ended in 1989.

4. Mary J. Noel is not in possession of any documents or records of any kind pertaining to Debtor Vernon P. Varner, or her employment with Debtor Vernon P. Varner. Without limitation, Mary J. Noel is not in possession of any documents or objects describing

who supervised accounting activities associated with her employment and/or who participated in the filing of Vernon P. Varner's state and/or federal tax returns.

5. The subpoena does not appear to command the testimony of Mary J. Noel.

6. No prior discovery request has been made in this action of Mary J. Noel.

7. Rule 45 of the Federal Rules of Civil Procedure, governing subpoenas, is made applicable to bankruptcy proceedings by Bankruptcy Rule 9016.

8. The subpoena was not served personally or by certified mail and was, therefore, not properly served pursuant to the requirements of F.R.C.P. 45(b)(1). *See Firefighter's Institute for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000).

9. The subpoena fails to include the fees required by F.R.C.P. 45(b)(1).

10. The subpoena was mailed without the service of prior notice of the production required thereby, in violation of F.R.C.P. 45(b)(1).

11. The request to appear at the United States Bankruptcy Court in Des Moines places an undue burden and expense on Mary J. Noel. *See* F.R.C.P. 45(c)(1) and 45(c)(3)(A)(iv). The subpoena would require that Mary J. Noel travel in excess of 100 miles from her home and place of business.

12. To the best of our information and belief, Debtor Vernon P. Varner is not authorized to practice as an attorney before this Court and, therefore, is not authorized to issue and sign subpoenas. *See* F.R.C.P. 45(a)(3); U.S. Emergency Motion to Quash Subpoena filed July 6 2011, as Docket No. 36.

WHEREFORE, Mary J. Noel requests that the subpoena requiring that she appear in the U.S. Bankruptcy Court for the Southern District of Iowa in Des Moines at trial be quashed and that the Debtors be sanctioned and prohibited from issuing further subpoenas on Mary J. Noel

and for further relief as the Court determines is reasonable, such as the attorney fees and expenses required to move the quash this subpoena.

Dated this 6th day of July, 2011.

                                   MEARDON, SUEPPEL & DOWNER P.L.C.

By _____
    Timothy J. Krumm        AT0008972
    122 S. Linn Street
    Iowa City, IA 52240
    Telephone: 319-338-9222
    Facsimile: 319-545-4055
    E-mail:    timk@meardonlaw.com

**ATTORNEYS FOR MARY J. NOEL**

## CERTIFICATE OF SERVICE

COMES NOW, the undersigned and certifies that on July 6, 2011, a copy of this Motion to Quash Subpoenas pursuant to F.R.C.P. 45(c)(3) was served by regular first class United States mail upon the following persons at the following addresses:

| | |
|---|---|
| Vernon Paul Varner<br>14 Brickwood Circle N.E.<br>Iowa City, IA 52240 | Lynda K. Topp Varner<br>14 Brickwood Circle N.E.<br>Iowa City, IA 52240 |
| United States of America (IRS)<br>U.S. Attorney<br>115 U.S. Courthouse<br>E. 1st & Walnut<br>Des Moines, IA 50309 | Curtis J. Weidler<br>P.O. Box 7238<br>Washington, DC 20044 |
| Stephanie Page<br>U.S. Department of Justice<br>Tax Division<br>P.O. Box 7238 Ben Franklin Station<br>Washington, DC 20044 | Robert Schlegel<br>112 South Avenue B.<br>P.O. Box 929<br>Washington, IA 52353-0929 |
| United States Trustee<br>Federal Bldg., room 793<br>210 Walnut Street'<br>Des Moines, IA 50309 | |

_____
Timothy J. Krumm    AT0008972
122 S. Linn Street
Iowa City, IA 52240
Telephone:    319-338-9222
Facsimile:    319-545-4055
E-mail: timk@meardonlaw.com

# UNITED STATES BANKRUPTCY COURT

SOUTHERN District IOWA

In re: Vernon Paul Varner and Lynda K. Topp Varner
Debtor,

Vernon Paul Varner and Lynda K. Topp Varner,
Plaintiffs
V.
United States of America,
Defendant.

SUBPOENA IN
AN ADVERSARY PROCEEDING

Case No. 09-03857-lmj

Chapter 7

To: Mary J. Noel
205 Ridgeview Ave.
Iowa City, IA 52246-1625

Adv. Proc. No. 09-30121-lmj

☒ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US Bankruptcy Court<br>110 E. Court Ave.<br>Des Moines, IA 50309    Telephone: (515) 284-6230 | Fourth floor, Courtroom #2 |
| | DATE AND TIME<br>7 July 2011, 9:30 AM |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

description, D): ① Employments a very general with Dr. Vernon P. Varner MD JD ending 1989 — accounting activities D who supervised accounting activities associated with that employment.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

PREMISES 2) in general who performed accounting activities needed for Vernon P Varner MD JD — for purposes of filing Tax returns state federal

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>[signature] Plaintiff Pro Se | DATE<br>30 June 2011 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER Vernon P Varner MD, JD
14 Brickwood Circle NE, Iowa City, IA 52240-9158    Telephone: (319) 351-5441

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

Jul. 7. 2011 9:52AM  No. 0268 P. 7
Case 09-30121-lmi Doc 40 Filed 07/07/11 Entered 07/07/11 10:36:50 Desc Main Document Page 6 of 7
B256 (Form 2569) – Subpoena in an Adversary Proceeding) (12/07)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____      _____
              DATE                         SIGNATURE OF SERVER

                                           _____
                                           ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**MEARDON, SUEPPEL & DOWNER P.L.C.**
LAWYERS

ROBERT N. DOWNER
JAMES D. McCARRAGHER
MARK T. HAMER
THOMAS D. HOBART
DOUGLAS D. RUPPERT
TIMOTHY J. KRUMM
WILLIAM J. SUEPPEL
CHARLES A. MEARDON
DENNIS J. MITCHELL
DAVID J. BRIGHT
PETER J. GARDNER
PATRICIA G. KROPF
CARRIE L. LATHROP

122 SOUTH LINN STREET
IOWA CITY, IOWA 52240-1802

2431 CORAL COURT, SUITE 5
CORALVILLE, IOWA 52241-2838

TELEPHONE: (319) 338-9222
IOWA CITY FAX: (319) 338-7250
CORALVILLE FAX: (319) 545-4055

WWW.MEARDONLAW.COM

WILLIAM L. MEARDON
(1919-1997)

OF COUNSEL:
WILLIAM F. SUEPPEL
JEAN BARTLEY

RETIRED:
MARGARET T. LAINSON

# FAX COVER SHEET

**Date:** July 7, 2011

**From:** Timothy J. Krumm

**To:** Clerk, U.S. Bankruptcy Court
Southern District of Iowa

**Fax Number:** 515-284-6303

**Re:** Varner v. United States of America (IRS)
Adversary No. 09-30121-LMJ

**Number of pages (including cover sheet): 7**

**Message:**

Attached for filing is a Motion to Quash Subpoena filed on behalf of Mary J. Noel. We have registered for a CM/ECF login and password, but have not yet received it. We are filing by fax in the interim. If you have any questions, please let me know – Kathy Nolan, 319-338-9222.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.